# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERAMEY R. BROWN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 07-cv-370-JPG |
| **JOE GULASH,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's "Motion Asking Courts to Excuse Plaintiff from Meeting Specific Requirements" (Doc. 2) and his motion for appointment of counsel (Doc. 6).

In his "Motion Asking Courts to Excuse Plaintiff from Meeting Specific Requirements" Plaintiff seeks to be relieved from complying with the following "requirements": (1) page limitations on his complaint; (2) anything needing to be notarized; (3) providing photocopies for each defendant; and (4) requiring Plaintiff to hand deliver U.S. Marshal forms to the Clerk of Court instead of being mailed from his place of confinement.

At this time, Plaintiff's complaint is still under review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The complaint and the attached exhibits is a total of 43 pages long. Although the instant complaint (with attached exhibits), exceeds the page limitation set forth in the instructions to the form complaint, the Court will allow the filing of the instant complaint (with attached exhibits). All page limits, however, remain in full effect and the Court's act of granting Plaintiff leave in this instance does not constitute a waiver of any page limits as may be applicable to any future amended complaint or pleading. Because the complaint is still under threshold review, the

Court will deny Plaintiff's request concerning notarization, photocopying, or hand delivering forms to the Clerk of Court. Therefore, Plaintiff's "Motion Asking Courts to Excuse Plaintiff from Meeting Specific Requirements" (Doc. 2) is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

With regard to Plaintiff's motion to appoint counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has attempted to obtain counsel, but has been unsuccessful in obtaining representation.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. A cursory review of the complaint indicates that Plaintiff asserts the following claims: (1) denial of his right to freely exercise his religion; (2) denial of due process and retaliation by being housed in segregation; (3) denial of first amendment right to receive certain magazines; (4) denial of exercise; (5)harassment (loud noises interfering with Plaintiff's sleep); (6) inclusion of false statements in his jail record; (7) excessive prices charged by the Jail commissary; (8) monitoring of outgoing calls even to attorneys; and (9) photocopying of his outgoing mail. These claims are not that factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in

this case and based on Plaintiff's representation of himself in *Brown v. Hertz,* No. 3:07-cv-117-WDS (S.D. Il.) and *Brown v. Unfried*, No. 3:08-cv-109-DRH (S.D. Il.) this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel (Doc.6) will be **DENIED**, without prejudice.

**IT IS SO ORDERED.**

**Dated: February 27, 2008.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**