UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMEY R. BROWN,<br><br>      Plaintiff,<br><br>      v.<br><br>JOE GULASH, *et al.*,<br><br>      Defendants. | Case No. 07-cv-370-JPG |

**MEMORANDUM AND ORDER**

**I.    Appeal of Magistrate Judge's Order**

      This matter comes before the Court on plaintiff Jeramey R. Brown's objection (Doc. 84) to Magistrate Judge Philip M. Frazier's December 16, 2009, order (Doc. 79). That order denied Brown's second request for appointment of counsel in this case (Doc. 75). In his objection, Brown incorporates his arguments from his motion and its attachments.

      A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

      The Court has reviewed the pertinent documents in this case and finds Magistrate Judge Frazier's decision to deny Brown's request for appointment of counsel at this stage of the case is not clearly erroneous or contrary to law. In deciding a request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v.*

*Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).  "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Here, it appears from Brown's submissions to the Court so far that he possesses the literacy, communication skills, educational level, litigation experience and intellectual capacity to litigate his fairly straightforward case.  Furthermore, there is no indication his psychological history poses any barrier to his appearing *pro se*.  To the extent Brown's legal research may be hampered by his status as an inmate, the Court is amenable to reasonable requests for extensions of time until he can obtain adequate access to legal resources.  Should Brown's inability to communicate with certain inmate witnesses substantially impair his ability to litigate a particular motion before the Court, the Court will consider offering Brown the opportunity to present the names of the individuals with whom he seeks to communicate, the institution of their incarceration and the expected substance of any affidavit they could offer in connection with the motion.  The Court can then assess whether that affidavit testimony is essential to the proper evaluation of the matter before the Court.

Finally, Brown's objection states his belief that Magistrate Judge Frazier is actually biased or prejudiced in this case.  If Brown wants Magistrate Judge Frazier to recuse himself from this case for actual bias or prejudice, he must present this request in a motion under 28 U.S.C. § 144 with a sufficient supporting affidavit.

For the foregoing reasons, the Court **OVERRULES** Brown's objection to Magistrate Judge Frazier's December 16, 2009 order (Doc. 84) and **AFFIRMS** that order (Doc. 79).

## II. Motion to Withdraw

The Court also considers Brown's motion (Doc. 94) to withdraw his motion for default judgment (Doc. 73) against defendant Tom Kranzler and to dismiss Kranzler from this case. Brown has apparently learned Kranzler did not participate in the objectionable conduct he alleges. The Court **GRANTS** the motion to withdraw (Doc. 94) and **ORDERS** that the motion for default judgment (Doc. 73) is **WITHDRAWN**.

The Court further construes Brown's request for dismissal of his claims against Kranzler as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss all claims against a party without a court order at any time before the party serves an answer or a motion for summary judgment. Kranzler has not served an answer or motion for summary judgment in this case. Because the plaintiff has an absolute right to dismiss his claims against Kranzler at the present time, the Court finds that those claims are **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Kranzler is terminated as a part in this case.

**IT IS SO ORDERED.**
**DATED: January 20, 2010**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**