UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERAMEY R. BROWN,

      Plaintiff,

  v.

JOE GULASH, *et al.*,

      Defendants.

Case No. 07-cv-370-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jeramey R. Brown's objection (Doc. 131) to Magistrate Judge Philip M. Frazier's March 18, 2010, order (Doc. 128). That order denied Brown's motion (Doc. 106) to supplement his response to various defendants' motion for summary judgment (Docs. 58 & 80) with five additional exhibits. The Court has already affirmed Magistrate Judge Frazier's ruling with respect to the motion for summary judgment filed by defendants Nordstrom and Wojtowicz (Doc. 80). It now addresses the ruling with respect to the other pending motion for summary judgment (Doc. 58).

Magistrate Judge Frazier denied Brown's request to supplement his response with additional exhibits on three apparent grounds: (1) they were filed five days after the deadline for Brown's response had passed, (2) Brown has not set forth any reason he could not have filed the exhibits with his original response and (3) they are cumulative of his original response.

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

The first reason for denying Brown's motion is invalid. Brown placed his motion for leave to file supplemental exhibits in the prison mail system to be mailed before the deadline for his response. Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Court construes the motion and their exhibits as timely filed.

The second reason for denying Brown's motion is also invalid. Brown explained in his motion and exhibit that he had only received the tendered exhibits from his attorney days before he tendered them to the Court. He could not have filed them earlier because he did not possess them earlier.

The third reason for denying Brown's motion has merit. The exhibits that are relevant to the issues in the pending motion for summary judgment – an not all of the tendered exhibits are relevant – are duplicative of the evidence contained in Brown's own affidavit testimony. Therefore, they are not necessary to the disposition of the summary judgment motion. To the extent that there are genuine issues of material fact, Brown's testimony is sufficient to establish those issues.

For this reason, the Court **AFFIRMS** Magistrate Judge Frazier's order (Doc. 128) to the extent it relates to the pending motion for summary judgment (Doc. 58) and **REJECTS** Brown's objection (Doc. 131).

**IT IS SO ORDERED.**
**DATED: April 21, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**