UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, | |
|     Plaintiff, | |
|     v. | Case No. 07-cv-370-JPG |
| JOE GULASH, *et al.*, | |
|     Defendants. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jeramey R. Brown's objection (Doc. 134) to Magistrate Judge Philip M. Frazier's March 30, 2010, order (Doc. 132). That order denied Brown's motion (Doc. 130) to recuse himself from hearing this case.

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge Frazier denied Brown's request to recuse himself, finding that recusal was not required under either 28 U.S.C. § 455(b) or 28 U.S.C. § 144 because of actual bias or prejudice, incompetence or senility. Brown maintains he has presented evidence warranting Magistrate Judge Frazier's recusal and faults Magistrate Judge Frazier for ruling on the motion requesting his own recusal.

It was perfectly proper for Magistrate Judge Frazier to consider the motion to recuse himself from this case. "The initial decision whether or not to adjudicate a case rests with the individual judge assigned to it." 12 James Wm. Moore et al., *Moore's Federal Practice* §

63.60[1][a].

Furthermore, Magistrate Judge Frazier was correct to find that there was no evidence of his bias or partiality from an extra-judicial source, which is required before a judge must recuse himself for actual bias or prejudice. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (§ 455(b)); *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (§ 144).

For this reason, the Court **AFFIRMS** Magistrate Judge Frazier's order (Doc. 132) and **REJECTS** Brown's objection (Doc. 134).

**IT IS SO ORDERED.**
**DATED:  August 3, 2010**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**