UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERAMEY R. BROWN,

    Plaintiff,

v.

JOE GULASH, *et al.*,

    Defendants.

Case No. 07-cv-370-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the unopposed motion for an extension of time to file a notice of appeal filed by defendants Joseph Gulash, Robert Hertz, Robert Hollenbeck, Brad Wells, John Lakin, Dennis Fischer, Renee Stephenson, Rodney Schaake, Rick Pyatt, Maynard Hill, Steve Huch, Pete Moore, Bob Richert, Officer Mark Spurgeon, Mike Hare, Matt Werner, Don McNaughton, Maurice Lemarr, Myron Thompson, Officer Jeff Hartsoe, Jody Collman, Craig Richert, Jon McGuire, Kyle Napp, Jim Buckley, Bill Mudge, John Gilbert and Madison County, Illinois (Doc. 241). These defendants seek to file an interlocutory appeal challenging the rulings of the Court regarding prosecutorial and qualified immunity in its March 22, 2011, order denying their motion for summary judgment (Doc. 240). The motion for an extension of time was filed April 21, 2011.

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Under Rule 4(a)(1) provides that, in a civil case, generally the notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken. The Court may extend the time to file a notice of appeal if:

    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). If these conditions are met, the Court may extend the deadline the longer of either (1) 30 days beyond the original 30-day deadline or (2) 14 days after the order granting the extension. Even where both conditions are satisfied, the Court has discretion to grant an extension. *See Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 700 (7th Cir. 2004).

The first criterion for extending the appeal deadline is satisfied. The motion for an extension of the appeal deadline was filed 30 days after entry of the order from which the defendants seek to appeal. The defendants have also established good cause for an extension. They need more time to determine whether to file a notice of appeal in light of ongoing settlement negotiations, which may alleviate the need for the appeal.

In light of the circumstances, the Court believes an extension of time is warranted. A brief delay of 30 days in the litigation of this case will not prejudice any party and will likely conserve the parties' and the Court's resources while settlement remains a reasonable option. Settlement negotiations in this case are somewhat more time-consuming than in a run-of-the-mill civil case because the plaintiff is a prisoner who must rely on counsel to conduct negotiations and then attempt to reach him in the institution to convey any offers. It is reasonable to believe such discussions will take longer than those for an unincarcerated litigant. Where the success of such discussions may alleviate the need for an appellate proceeding, the Court is willing to give the negotiations a few more weeks to succeed. An extension will also preserve the defendants' right to appeal the appealable issues in the Court's March 22, 2011, order. Finally, the request for an extension of time is unopposed.

For these reasons, the Court exercises its discretion to **GRANT** the motion for an extension of time to file a notice of appeal (Doc. 241) and **ORDERS** that the appeal of the Court's March 22, 2011, order may be filed on or before May 23, 2011, the first business day after the 30th day beyond the original deadline to file a notice of appeal. *See* Fed. R. App. P. 26(a)(1)(C).

**IT IS SO ORDERED.**
**DATED: April 25, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**