UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERAMEY R. BROWN,

    Plaintiff,

  v.

JOE GULASH, *et al.*,

    Defendants.

Case No. 07-cv-370-JPG-PMF

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's March 22, 2011, order for Brown to show cause why the Court should not dismiss his claims in Counts 8 and 10 regarding communication with his criminal defense attorneys in light of *Heck v. Humphrey*, 512 U.S. 477 (1994) (Doc. 240). In Counts 8 and 10, Brown claims various defendants interfered with his communication to his criminal counsel by telephone and by mail in violation of his Sixth Amendment right to counsel in his criminal case. In its March 22, 2011, order, the Court expressed concerns that *Heck* might bar such causes of action. *Heck* held that the Court must dismiss any § 1983 claim that, if successful, would necessarily imply the invalidity of a conviction unless the plaintiff shows the conviction or sentence has already been invalidated. *Id.* at 486-87.

Brown has responded to the order to show cause (Doc. 243) arguing that success on Counts 8 and 10 as they apply to communications with criminal counsel would not *necessarily* invalidate his conviction for which counsel was representing him. Specifically, he argues that it is possible information prosecutors gathered from monitoring his communications with counsel could have been gathered from other sources independent of Brown's communications and that violation of his Sixth Amendment rights could be harmless error. The relevant defendants have replied to Brown's response (Doc. 249) asserting Brown's argument is misplaced and that *Heck*

bars his Counts 8 and 10 to the extent they depend on alleged interference with communication with his criminal counsel.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This also applies to the states through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 341 (1963). It is a violation of the Sixth Amendment for a government agent to intercept a criminal defendant's communication with his defense attorney and provide intercepted information to the prosecutor such that it prejudices the defendant in his criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977); *see also Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). It also violates the Sixth Amendment to prevent a criminal defendant from speaking candidly and confidentially with his counsel free from unreasonable government interference. *See Geders v. United States*, 425 U.S. 80, 88-89 (1976); *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) (citing *Adams v. Carlson*, 488 F.2d 619, 630-31 (7th Cir. 1973)); *see also United States v. DiDomenico*, 78 F.3d 294, 299 (7th Cir. 1996) (a known policy of recording all attorney-client conversations would "greatly undermine the freedom of communication between defendants and their lawyers and with it the efficacy of the right to counsel, because knowledge that a permanent record was being made of the conversations between the defendants and their lawyers would make the defendants reluctant to make candid disclosures," regardless of how the recordings were used).

To succeed in his Sixth Amendment civil claim, Brown must prove either (1) that the defendants provided monitored attorney-client communications to the prosecution to Brown's

prejudice in the criminal case in which he currently stands convicted[1] or (2) that the defendants' communication monitoring practices preventing him from obtaining the assistance of counsel in the case because it chilled his frank communication with counsel.  Either of these showings would necessarily call into question Brown's conviction because they would reveal the conviction was obtained in violation of Brown's Sixth Amendment rights.  A judgment in this case that Brown's Sixth Amendment rights had been violated would necessarily imply the invalidity of his conviction.  Therefore, *Heck* bars Brown's Sixth Amendment civil claims until his conviction is reversed or otherwise invalidated.  *Compare Brown v. Madison County*, No. 04-cv-824-MJR, 2007 WL 917382, *2 (S.D. Ill Mar. 26, 2007) (Sixth Amendment civil claim not barred because conviction had been overturned).

For the foregoing reasons, the Court **DISMISSES without prejudice** Counts 8 and 10 to the extent they rely on interference with communication between Brown and his criminal counsel.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  June 23, 2011**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**

---

[1] The Court rejects Brown's argument that success in his civil case would not necessarily implicate the validity of his criminal conviction because intercepted material used against him in his criminal case might not have prejudiced him since that material might also have been obtained from independent sources.  If this were so, he could not succeed on his civil case either, for prejudice is an element in both contexts.